**YONGLI LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76344.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 28, 2008.

Robert A. Espinosa, La Puente, CA, for Petitioner.

Elise Sandra Shore, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Yongli Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The record does not compel the conclusion that Li has shown changed or extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657 (9th Cir.2007) (per curiam).

Substantial evidence supports the BIA's adverse credibility finding because Li testified that he was detained and that both he and his wife were terminated from their jobs as a consequence of his labor activities, but he did not explain adequately why he omitted this information from his asylum application. *See Li*, 378 F.3d at 963 (stating that the IJ can reasonably consider the alien's failure to include a significant allegation of mistreatment in his asylum application). Accordingly, Li's withholding claim fails.

The BIA properly denied CAT relief because Li did not establish that it was

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

more likely than not that he will be tortured if returned to China. *See* 8 C.F.R. 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.